**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2538

GEORGIA A. GREEN,

Plaintiff - Appellant,

versus

CHRISTOPHER MAROULES; CHRISTOPHER CAFÉ; ALLEN
SEYMORE, Sheriff; W.E. BILLY SMITH, Sheriff;
CHRIS JENKINS, Sheriff; HENRY CLAYTON KEEL,
Sheriff,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Malcolm J. Howard, District
Judge. (CA-04-111-4-H)

Argued: September 18, 2006          Decided: November 7, 2006

Before KING, GREGORY, and SHEDD, Circuit Judges.

Reversed and remanded by unpublished opinion. Judge Gregory wrote
the opinion, in which Judge King and Judge Shedd joined.

**ARGUED:** Michael Scott Bucci, MORRIS & MORRIS, Richmond, Virginia,
for Appellant. Kari Russwurm Johnson, CRANFILL, SUMNER & HARTZOG,
L.L.P., Raleigh, North Carolina, for Appellees. **ON BRIEF:** Dan M.
Hartzog, CRANFILL, SUMNER & HARTZOG, L.L.P., Raleigh, North
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

GREGORY, Circuit Judge:

Appellant Georgia Green appeals the district court's dismissal of her cause of action for failure to state a claim on which relief may be granted. Because we find that she has stated claims under 42 U.S.C. §§ 1983 and 1985, we reverse and remand for further proceedings consistent with this opinion.

I.

On August 2, 2004, Green initiated this action by submitting her original complaint pro se and filing an application to proceed without prepayment of fees. The original complaint alleged a violation of Green's rights under 42 U.S.C. §§ 1983 and 1985 by defendants Christopher Maroules, Christopher Café, Sheriff Allen Seymore, Sheriff W.E. Billy Smith, Sheriff Chris Jenkins, and Sheriff Henry Clayton Keel. Specifically, Green claimed that she was the target of racial profiling and a conspiracy to arrest her falsely, that she suffered from acute hypertension and diabetes, and that she was subjected to great physical and mental harm as a result of the defendants' misconduct. Green asked for compensatory and punitive damages, each in the amount of $150,000.

On September 10, 2004, Green submitted a corrected complaint, which refined her claims somewhat and specified that she suffered from hypertension on July 21 and 23 (presumably the dates on which she was arrested). In the corrected complaint, Green alleged that

3

the defendants "maliciously and willfully" injured Green's civil liberties "by arresting her without cause, and knowing they had no right to arrest her." As she had in her original complaint, Green identified herself as an African American and alleged that the defendants acted "at all times under the State of North Carolina . . . in their official capacity in violation of the civil rights [ ] of the plaintiff." Green asserted that the defendants were not entitled to any immunities and again prayed for a total of $300,000 in damages.

On October 6, 2004, a magistrate judge submitted a Memorandum and Recommendation to the district court recommending that Green's case be dismissed for failing to state a claim on which relief could be granted. The judge accepted the corrected complaint as an amended complaint under Fed. R. Civ. P. 15(a) but nevertheless considered Green's claims legally insufficient under 28 U.S.C. § 1915(e)(2) (2000).

The magistrate judge construed Green's corrected complaint as alleging "an equal protection violation based upon an alleged conspiracy by the Lenoir County police to commit racial profiling." Because Green did not identify the race of the defendants; did not allege any pattern, practice, or custom by the county police of targeting African Americans for racial profiling; and did not allege any facts from which discriminatory intent could be found or inferred, the magistrate judge concluded that her "racial profiling

4

claim lack[ed] an arguable basis in law." The judge also concluded that Green failed to allege the facts necessary to sustain a claim of conspiracy to violate Green's civil rights under 42 U.S.C. § 1985 (2000). On November 5, 2004, the district court adopted the magistrate judge's recommendation, dismissing Green's complaint for failure to state a claim under § 1915(e)(2)(B)(ii).

## II.

We review the dismissal of Green's corrected complaint de novo. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) ("The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). Thus, we review a § 1915(e)(2)(B)(ii) dismissal de novo." (citation omitted)). We assume the truth of "all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." E. Shore Mkts. v. J.D. Assocs., 213 F.3d 175, 180 (4th Cir. 2000).

### A.

Green's corrected complaint stated that she came to the court "seeking due process and equal justice under . . . 42 USC 1983-85 [sic]. US Constitutions 14TH amendment equal process [sic]." To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him or her of a

5

constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty, 145 F.3d 653, 658 (4th Cir. 1998). In the instant case, Green's corrected complaint stated a § 1983 claim that her Fourteenth Amendment right to be free from unreasonable government seizure was violated and that her rights under the Equal Protection Clause of the Fourteenth Amendment had been infringed.

The Due Process Clause of the Fourteenth Amendment levies upon the state governments the same restrictions that the Fourth Amendment imposes upon the federal government. See Mapp v. Ohio, 367 U.S. 643, 654-55 (1961). Because an arrest amounts to a Fourth Amendment seizure, see Henderson v. Simms, 223 F.3d 267, 272 (4th Cir. 2000), probable cause is necessary for an arrest to be lawful, see, e.g., Draper v. United States, 358 U.S. 307, 310-11 (1959). A plaintiff, then, could allege a contravention of § 1983 by asserting that state agents arrested her without probable cause in violation of her Fourteenth Amendment right to be free from unreasonable seizure by the state government. In this case, Green did just that.

In her corrected complaint, Green alleged that the defendants infringed upon her Fourteenth Amendment rights and thus violated § 1983. She alleged that the defendants were officers of the state of North Carolina who acted in their official capacity. Green claimed the officers "knowingly" took her into "illegal custody,"

6

arresting her "without cause, and knowing they had no right to arrest her." Green's corrected complaint contained all the elements necessary to state a cause of action under § 1983 for a violation of her Fourteenth Amendment rights. We reverse the district court's judgment to the contrary.

Green also made out a § 1983 claim based on a violation of her rights under the Equal Protection Clause. To state an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Williams v. Hansen, 326 F.3d 569, 576 (4th Cir. 2003) (quoting Morrison v. Garraghty, 23 F.3d 648, 654 (4th Cir. 2001)). Here, Green alleged that she was racially profiled and, consequently, falsely arrested.

Because Green is a pro se plaintiff, we construe the allegations in her complaint liberally. De'Lonta, 330 F.3d at 633. A pro se complaint like Green's "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberally construed, Green's corrected complaint made out an equal protection claim. She alleged differential treatment—a false arrest, through which others similarly situated presumably do not

7

have to suffer—resulting from intentional discrimination in the form of racial profiling. Taken together, Green's allegations clearly pointed to the conclusion that she was falsely arrested because she is African American. Because it is not apparent "beyond doubt" that she cannot prove a set of facts in support of this claim that would entitle her to relief, her claim should not be dismissed at this stage of the litigation. See Hughes, 449 U.S. at 10.

B.

Green also stated a § 1985 claim. To establish a cause of action under § 1985(3) (the subsection most relevant to Green's allegations), a plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Moreover, the law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights.

Simmons v. Poe, 47 F.3d 1370, 1376–77 (4th Cir. 1995) (citations omitted). Green's complaint alleged that she was "the target of racial profiling and subject to conspiracy to falsely arrest and injured [sic] the civil rights of the Plaintiff" (emphasis added). Though this sentence does not specifically identify those who

8

conspired against her, in the context of the entire complaint, which focused on the defendants' actions, we read it as alleging a conspiracy among the defendants. Similarly we understand Green's contention that she was profiled and targeted "for frivolous and racial hate reason[s]" to allege that the defendants were motivated by a specific, invidiously discriminatory animus.[*] Green explicitly averred that her civil liberties were injured, resulting in physical and mental harm, by acts of the defendants, who behaved consistently with their conspiracy to falsely arrest her. Read liberally, as it must be, Green's complaint contained all the elements of a proper § 1985 claim. The district court's dismissal of Green's § 1985 claim is, therefore, reversed.

III.

For the foregoing reasons, the decision of the district court is reversed. The case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED

---

[*]Simply identifying herself as an African American and describing the defendants' conduct as "race hate abuse" would not be sufficient to state a claim under § 1985(3), however. See Gooden v. Howard, 954 F.2d 960, 970 (4th Cir. 1992) (holding that the mere statement that the plaintiff was black and the officers in question were white was insufficient to state a claim under § 1985(3)).

9